Filed 2/14/24  P. v. Ware CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B329514 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. LA097808 |
| COBY MORGAN WARE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Neetu S. Badhan-Smith, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Coby Morgan Ware used someone else's identity to run a tab at a hotel. He appeals a restitution order to repay the hotel. We affirm.

Undesignated statutory citations are to the Penal Code.

Beginning on September 4, 2022, Ware rented hotel rooms using Ronald Holloway's identity. To check in, Ware used an identification card and credit card with Holloway's name. Ware sometimes rented multiple rooms at a time. In total, he owed the hotel nearly $12,000, which he attempted to pay using Holloway's and another person's credit cards.

On September 27, 2022, the hotel called the police because a credit card company had reversed charges for Ware's rooms due to fraud. Police arrested Ware. They found an identification and credit card in Holloway's name, as well as licenses and credit cards in other people's names.

The prosecution charged Ware with unauthorized use of personal identifying information of Holloway on September 4, 2022 (§ 530.5, subd. (a)) (count one), and three counts of possession of personal identifying information with intent to defraud after an earlier conviction for unauthorized use of personal identifying information on September 27, 2022 (*id.*, subd. (c)(2)) (counts two, three, and four).

Ware pleaded no contest to the first count. He said a police report was the factual basis for the plea. The court dismissed the remaining counts and sentenced Ware to two days in jail and two years of formal probation. One condition of Ware's probation was to make victim restitution.

The only victim to seek restitution was the hotel, which requested $11,836.90 for more than 40 nights of unpaid room rentals as well as food and drink charges. The hotel manager

2

testified and submitted hotel records of the charges.  No one had paid the hotel for the charges Ware accrued.

The court granted the hotel's request.

We affirm the restitution order.

We generally review a victim restitution order for abuse of discretion.  (*People v. Giordano* (2007) 42 Cal.4th 644, 663.)  Whether a purported victim is a "direct victim" is a legal issue that we independently review.  (*People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084.)

Under the California Constitution, courts must order restitution when a crime victim suffers a loss.  (Cal. Const., art. I, § 28, subd. (b)(13)(B).)  Courts broadly and liberally construe victims' right to restitution.  (*People v. Mearns* (2002) 97 Cal.App.4th 493, 500.)

There are two potentially relevant statutes:  section 1202.4 and section 1203.1.  The first statute says courts must require a defendant to make restitution when a victim suffers economic loss as a result of the defendant's conduct.  (§ 1202.4, subd. (f).)  A business can be a victim under this section if it is a "direct victim" of a crime.  (*Id.*, subd. (k)(2).)  To be a direct victim, an entity must be an immediate object of the defendant's offense. (*People v. Runyan* (2012) 54 Cal.4th 849, 856.)  The second statute allows trial courts to impose restitution as a condition of probation.  (§ 1203.1, subd. (b).)  This statute is broader and does not incorporate section 1202.4's definition of "victim."  (*People v. Anderson* (2010) 50 Cal.4th 19, 28–31.)

Although restitution was a condition of Ware's probation, we analyze the restitution order under the first statute.  The trial court did not discuss section 1203.1 at the restitution hearing and

3

the prosecution failed to cite or rely on it in the trial court or on appeal.

The court properly ordered restitution for the hotel. The object of Ware's crime was not simply to take Holloway's identity, but to *use* it for unpaid services from the hotel. Ware does not dispute that he used Holloway's identity to charge $11,836.90 to the hotel. No one paid the hotel for these charges. Ware complains the harm to the hotel was too removed from his criminal acts, and cites section 1202.4, subdivision (f)(4) and *People v. Jones* (2010) 187 Cal.App.4th 418. That statutory subdivision is about a presumption related to the Restitution Fund, which is not part of this case. *Jones* discussed in dicta the issue of proximate causation and intervening causes in the context of restitution. (*Jones*, *supra*, at pp. 424–427.) *Jones* is immaterial because the hotel's losses were a direct and foreseeable result of Ware's criminal conduct of using someone else's identity to rent hotel rooms and there was no intervening cause. The hotel was a direct victim and is entitled to restitution.

The court did not abuse its discretion by ordering restitution for all of Ware's days at the hotel. On this issue, Ware offers a one-sentence statement: "The date alleged for the commission of the offense charged in Count One does not include the multiple dates of the [hotel] stays." Ware concludes his brief by asking us to remand so the trial court can order restitution for "just one night stay at the hotel." This request discredits Ware's assertion that the hotel was not a direct victim and therefore has no entitlement to restitution. On the date issue, Ware's single sentence is not an argument or reasoned legal analysis. He has not proven the court abused its discretion by ordering him to pay the hotel for the services he took.

Ware makes an unsupported argument about how the order might negatively affect him.  He says restitution was wrong because the amount is so high that it will prevent him from pursuing rehabilitative programs.  He does not offer legal authority for reversing a restitution order on this basis.  This argument appears to be about Ware's ability to pay.  By statute, courts *cannot* consider a defendant's inability to pay when determining the amount of a restitution order.  (§ 1202.4, subd. (g).)  This argument fails.

### DISPOSITION

The order is affirmed.


                                        WILEY, J.


We concur:


        GRIMES, Acting P. J.


        VIRAMONTES, J.


5